Locke, Judge,
delivered the. opinion of the Court:
From the statement of facts* made to this Court, it is evident the legal estate in the lands in dispute, passed from Marmaduke Maples to one of the Defendants, John Curry, and that the equitable title afterwards vested in the Complainant, Thomas Maples, under Medlin’s purchase from Curry, and Complainant’s purchase-from Medlin; unless it should appear that -the first conveyance from Marmaduke to Thomas Maples, was made with intent to defraud creditors, and therefore as to them be entirely void. It is true, that at the time this deed was executed, Marmaduke was indebted to Ray, one of the Defendants, and also to one MacNeil, for their attendance as witnesses; and it is equally true, that he was also indebted to his brother Thomas, seven pounds, which the latter paid for him as prison fees; and it is proved hy witnesses present at the time, that they understood this conveyance rather in the light of a mortgage, than as a conveyance of the absolute estate ; in which light we are rather inclined to view this deed ; for it is ascertained that Curry paid ten pounds, part of the purchase money, to Marmaduke, and the other seven pounds to Thomas, when the latter assured Curry he had then no claims on the land. Curry, however,' to be sure of his title, took a conveyance from Marmaduke and Thomas both. Hence it plainly appears, that this deed was made upon a valuable consideration, and nothing appears to shew that it wras made mala Jide. For, Thomas having* paid this money in order to release Marmaduke from jail, had a good right to secure his debt by this mortgage; and although the instrument appears, on the face of it, to convey the absolute estate, yet Thomas seems to have released all further claim to the lands, the moment his debt was paid : and however absolute it may appear, yet if intended as a mortgage, it will be so considered in Equity. We are therefore of opinion, that this conveyance was not fraudulent 5 and the Defendant Ray seems to have viewed it in the same light. For if fraudulent, *222 he would have had a good title under his purchase at the sheriff’s sale; yet he preferred the title which Curry had obtained from Marmaduke and Thomas Maples, to a deed from the Sheriff. Indeed, he seemed to relinquish all idea of a title under the Sheriff’s sale, when, instead of getting a deed from the Sheriff without paying one cent for it, he chose to give five dollars for Curry’s title, although he is expressly told by Curry that he had sold the land to .Medlin, and that he was no more than a trustee for said Medlin.
- We are not to consider, whether Ray having notice at the time of his purchase from Curry, makes him a trustee for Complainant, and in equity bound to convey. As to this point, it may be necessary to advert to some of the facts proved in the case. It is admitted by Ray, in his answer, that Curry told him he had sold to Medlin, and had only the naked title at Law ; but he says that he applied to Medlin, and he consented that Curry should convey; and it is also denied, in the answer, that he had any knowledge that Complainant had ever purchased of Medlin, or had any claim to the land. It is denied, in the answer of Medlin, that he ever resold the lands to Complainant, and admitted that he consented Curry should convey to Ray. On the part of the Complainant, the repurchase of this land from Medlin is satisfactorily proven. But it is contended, that although the land was resold by Medlin to the Complainant, yet Ray, having no notice of this contract, and having obtained the consent of the only cestui que trust within his knowledge, cannot be affected by Complainant’s equitable title, and therefore not bound to convey. To this we answer, that this argument is not founded on the proofs in the cause j because these facts are only stated in the answers of Ray and Medlin, to which there is a replication on the part of the Complainant, and consequently the Defendant Ray is bound to prove them'. But in this proof he has failed. If, however, Ray was not held to this proof, what credit does the answer of Medlin seem entitled to, when he *223 states, that he was to give Curry forty pounds for the land, and which he must have paid ; yet he is willing to let Ray have it without having any thing repaid to him ? His answer is expressly contradicted by several witnesses, as to the resale to Complainant. This part of the case, then, being stripped of the evidence arising from the answers of Ray and Medlin, stands thus: Ray, at the time of his purchase from Curry, was expressly told by the latter, that he had'sold the lands, and was a mere naked trustee; in truth, that he had nothing to sell or transfer, but the mere legal title, which Ray, under this notice, obtained from him. Upon this statement, there can be no doubt but that Ray became a trustee for the Complainant, and bound to convey to the cestui que trusty in the same manner Curry would have been bound. But it is said that Ray had no notice of the particular cestui que trust, and that general notice is not sufficient. We thiink it is not necessary that he should have notice of the particular cestui que trust: it is sufficient, if he have notice that the person from whom he buys is but a mere trustee. For he is then informed, that he can buy nothing, that the seller has nothing to part with, and that the moment he obtains the legal estate, he becomes a trustee for the cestui que trust, be he who he may. It is Ms business to enquire and search him out. As between the Complainant and one of the Defendants, this is then only the common bill for a specific performance of a contract, upon a consideration actually paid. It is one of the'most ordinary subjects of relief: and the Defendant Ray being a purchaser with notice, he is liable to the same equity, stands in his place, and is bound to do that which the person-whom he represents would have been bound to do by the decree. — ¿5 Bac. 393 — 2 Ves. jun, 440. Let a decree be entered for the Complainant, compelling the Defendant Ray to convey the lands, and to pay costs;